451 So.2d 1289 (1984)
Joseph HARPER
v.
INTRACOASTAL TRUCK LINES, et al.
No. 83 CA 0792.
Court of Appeal of Louisiana, First Circuit.
June 26, 1984.
Joe M. Inabnett, New Orleans, for plaintiff-appellee.
Joseph A. Reilly, Jr., Henderson, Hanemann & Morris, Houma, for defendant-appellee Roustabouts, Inc.
John W. Perry, Jr., Baton Rouge, for defendant-appellant Intracoastal Truck Lines, Inc.
*1290 Before LOTTINGER, EDWARDS and ALFORD, JJ.
ALFORD, Judge.
This appeal arises as a result of an accident which occurred on or about June 7, 1978. Joseph Harper was an employee of Roustabouts, Inc., appellee. Roustabouts had contracted with Intracoastal Truck Lines, Inc., appellant, to supply Intracoastal with such workers as they would from time to time need. Harper had been sent by Roustabouts to an Intracoastal job site where he was unloading pipe from a rail car when he was injured.
Harper sued Intracoastal in tort for his injuries. Intracoastal answered and filed a third party demand against Roustabouts, alleging ultimately that the contract between Roustabouts and Intracoastal required Roustabouts to defend Intracoastal against Harper's suit. The denial of that third party demand is the subject of this appeal.
Harper's tort suit against Intracoastal was dismissed on a summary judgment, finding Intracoastal to be the statutory employer of Harper. Thus, Harper's remedy was limited to Workmen's Compensation. The only issue left for resolution at trial was the third party demand by Intracoastal asserting rights against Roustabouts under the contract.
A joint stipulation had been entered into between Intracoastal and Roustabouts wherein it was stated that, following institution of suit by Harper against Intracoastal, Intracoastal made demand that Roustabouts assume and/or undertake the defense of Intracoastal. The demand was denied and Intracoastal furnished its own defense. It was further stipulated that no amendment by Intracoastal to the third party demand was needed to allege a breach of contract on the part of Roustabouts for failing, under the contract, to name Intracoastal as an additional insured, and that Roustabouts in fact did not name Intracoastal as an additional insured.
The trial court took the case under advisement, rendering judgment against Intracoastal's third party demand. No written reasons for judgment were issued. Intracoastal brought this appeal, arguing that if Roustabouts had named Intracoastal as an additional insured as required by the contract between the two companies, then the insurer would have had, under the insurance contract, the duty to defend the tort action by Harper against Intracoastal. Therefore, Intracoastal concludes the failure of Roustabouts to name Intracoastal as an additional insured was a breach of contract. Intracoastal claims as damages the expenses, including attorney's fees, of defending the tort suit brought by Harper. We agree.
The applicable language of the contract between Roustabouts and Intracoastal is as follows:
II. INSURANCE:
Contractor agrees to carry with an insurance company or companies satisfactory to Intracoastal and authorized to do business in the State of Louisiana, insurance coverage with limits of not less than those set forth in the next succeeding paragraphs hereof, such coverage to include Contractor's liability assumed under the indemnity and hold harmless provisions of this contract and all extensions of coverage noted:
* * * * * *
B.(v) Endorsement naming Intracoastal as an additional insured with respect to all claims arising directly or indirectly out of any work performed by labor crews and contract labor and personnel furnished by Contractor. (Emphasis ours).
Roustabouts argues in brief that the failure to name Intracoastal as an additional insured did not damage Intracoastal because, under the above-quoted language, the insurer would have had a duty to Intracoastal only where "the claim arises out of the work of the Contractor," the contractor being Roustabouts. To accept Roustabouts' construction of the contract clause would be to render that clause nugatory. The first substantive paragraph of the contract *1291 calls for Roustabouts to "furnish to Intracoastal labor crews and other contract labor and personnel ..." Roustabouts was obligated under the contract to furnish labor, not to perform its own work.
Roustabouts argues that it was not the true intent of the contract clause B.(v), quoted above, to cover the instant situation where an employee of Roustabouts was injured. The court is bound to give legal effect to contracts according to the true intent of the parties; however, that intent is to be determined by the words of the contract when the words are clear, explicit and lead to no absurd consequences. LSA C.C. art. 1945. Although broad, the cited contract language is not ambiguous. The clauses of agreements are to be interpreted as a whole. LSA C.C. art. 1955. Taking the contract clauses as a whole, it is obvious that one of the primary objectives of the contract was to protect Intracoastal from liability.[1]
This claim arose directly or indirectly out of work performed by labor furnished by Roustabouts. No finding of fault on the part of anyone's employee was required by the language of the clause.[2] The parties appear from the record to be of equal bargaining power and the transaction was made at arm's length. It would have been very simple for the parties to change the clause language to state, for example, that the insurance would be applicable only as to claims by third parties. They chose not to. We view this as merely one of those situations where the very thing contemplated by the contract did in fact occur.
Accordingly, for the foregoing reasons, we reverse the decision of the trial court rejecting Intracoastal's claim against Roustabouts, and we remand this matter for proceedings consistent with this opinion. All costs of this appeal are to be paid by appellee, Roustabouts, Inc.
REVERSED AND REMANDED.
NOTES
[1] Other clauses illustrative of this goal include an indemnity and hold harmless clause and a clause requiring Roustabouts to supply workmen's compensation coverage.
[2] And in fact, there is no finding in the record as to the causative fault of the accident.