**METROPOLITAN PROPERTY AND
LIABILITY INSURANCE
COMPANY**

v.

**Milburn LANDRY, et al.**

**Civ. A. No. 89–256–B.**

United States District Court,
M.D. Louisiana.

Feb. 9, 1990.

Matthew J. Ungarino, Metairie, La., for plaintiff.

John W. Perry, Jr. and Glen Scott Love, Baton Rouge, La., for John Morar, Judith Morar and American General Fire and Cas. Ins. Co.

Clinton Hyatt, Jr., Baton Rouge, La., for defendants.

## RULING ON CROSS MOTIONS FOR SUMMARY JUDGMENT

POLOZOLA, District Judge.

Metropolitan Property and Liability Insurance Company filed this suit for declaratory judgment seeking to determine if there is coverage afforded by a homeowners policy it issued to Milburn Landry. The facts leading up to this suit are not in dispute.

On June 1, 1987, Brandi Lumpkin, Blake Morar, Jeff Landry and others participated in a late night "joyride" in a van which belonged to the parents of Jeff Landry. When the van became low on fuel, Jeff Landry dropped Morar, Lumpkin, and another person at Morar's house where they proceeded to take one of the cars located at that house. Morar then proceeded to pick up Landry who had returned his parents' van to Landry's house. On the way to the Landry house, Morar encountered a policeman and attempted to flee. While trying to evade the policeman, Morar was involved in an accident in which Brandi Lumpkin was injured. Lumpkin's parents sued the parents of Morar in state court to recover damages arising from the accident. The Morars then filed a third party claim against Landry's parents. In their third party petition, the Morars contended the Landrys were liable based on two grounds: (1) their vicarious liability for Jeff Landry's alleged negligent involvement in the venture; and, (2) their negligent failure to properly supervise their son. Metropolitan was also named as a third party defendant as the insurer under a homeowners policy Metropolitan had issued to the Landrys.

Instead of proceeding in state court, Metropolitan filed this action in federal court for a declaratory judgment seeking a determination that it is not liable for Lumpkin's injuries under its homeowners policy. Metropolitan claims that since Lumpkin's injuries arose out of the use of an automo-

bile, coverage is excluded under the automobile exclusion of its homeowners policy. Metropolitan has now filed a motion for summary judgment seeking a determination of this issue. The Landrys have filed an opposition to the motion but did not file a cross motion for summary judgment. It is clear that all parties have fully briefed the issue before the Court. Thus, the Court sua-sponte will treat the opposition filed by Landry as a cross motion for summary judgment. This procedure is sanctioned by the Fifth Circuit Court of Appeals. In *Matter of Caravan Refrigerated Cargo, Inc.*, 864 F.2d 388, 393 (5th Cir. 1989) the Fifth Circuit noted:[1]

> In making this first argument, Supreme Beef ignores the fact that a district court may grant summary judgment for the non-movant *sua sponte.* We have noted that when "one party moves for summary judgment the district court, in an appropriate case, may grant summary judgment against the movant, even though the opposite party has not actually filed a motion for summary judgment." *Landry v. G.B.A.*, 762 F.2d 462, 464 (5th Cir.1985) (citing 10A C. Wright, A. Miller, & M. Kane, *Federal Practice & Procedure: Civil 2d* § 2720). The cited treatise explain that granting summary judgment in favor of the non-moving party is
>
>> in keeping with the objective of Rule 56 to expedite the disposition of cases, and, somewhat more remotely, with the mandate of Rule 54(c) requiring the court to grant relief to which a party is entitled 'even if the party has not demanded such relief in his pleadings.'
>
> 10A C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure: Civil 2d* § 2720 at 33 (quoting Fed.R.Civ.P. 54(c)).

All procedural requirements for filing a motion for summary judgment have been satisfied. The ground upon which the motion for summary judgment is based is known to all parties, adequate warning has been given to all parties and the issues have been fully briefed by the parties. It is in the interest of justice and judicial economy to consider the legal issue before the Court on cross motions for summary judgment.

■ Metropolitan contends that the automobile exclusion to its homeowners policy supports its position that Metropolitan does not have coverage under the facts of this case. The exclusion provides:

> UNDER COVERAGES F [personal liability] AND G [medical payments to others], WE DO NOT COVER BODILY INJURY OR PROPERTY DAMAGE:
> 1. arising out of the ownership, maintenance, entrustment, by *you* to any person, operation, use, loading or unloading of:
> b. any land motor vehicle or any other motorized land conveyance, including motorized bicycles, owned or operated by, or rented or loaned to *you.*

A careful reading of clear language of this exclusion shows that the exclusion does not apply in this case. The vehicle involved in the accident was owned by the Morars. At no time did Jeff Landry ever drive the Morars' vehicle, nor was he a passenger in the vehicle. Simply put, this accident did not arise "out of the ownership, maintenance, entrustment, by" any of the Landrys regarding the Morar automobile. Furthermore, the Morar vehicle was not a "motorized land vehicle ... owned or operated by, or rented or loaned to" any of the Landrys. The express provisions of the insurance policy only excludes coverage in a situation in which the personal liability arises out of bodily injury to a person in a car *owned, operated by, rented,* or *loaned* to an insured. None of the express provisions of this exclusion apply to the facts of this case.

The jurisprudence and treaties support the Court's conclusion. In McKenzie and Johnson, *Insurance Law and Practice,* § 190, p. 341 (West 1986) the authors discuss a similar case in which a similar automobile exclusion in a commercial liability

---

**1.** *See also Landry v. G.B.A.,* 762 F.2d 462 (5th Cir.1985); *British Calendonian Airways, Ltd. v.* *First State Bank of Bedford, Texas,* 819 F.2d 593 (5th Cir.1987).

policy context was involved. Thus, in *Sturgeon v. Strachan Shipping Co.*, 731 F.2d 255 (5th Cir.1984), cert. denied 469 U.S. 883, 105 S.Ct. 251, 83 L.Ed.2d 188 (1984), the Fifth Circuit held that the automobile exclusion only applies to automobiles which are "owned or operated by, rented or loaned to any insured."

Metropolitan cites two Louisiana cases in support of its motion for summary judgment. Neither of these cases applies to the facts of this case and both can easily be distinguished. In *Johns v. State Farm Fire & Casualty Co.*, 349 So.2d 481 (La. App. 3d Cir.1977), the court was faced with the issue of whether the defendant was guilty of negligence independent of and unconnected with the use of a vehicle. However, the vehicle involved in the accident was *owned* by the insured under the homeowners policy. In *Hurston v. Dufour*, 292 So.2d 733 (La.App. 1st Cir.) writ denied, 295 So.2d 178 (1974), the Court was faced with a similar but distinguishable factual situation. The insured in *Hurston* relied on the automobile exclusion in a homeowners policy. Its insured was sued for the negligence of a son who was involved in an automobile accident based on vicarious liability. The court found that there was no coverage under the homeowners policy because of the automobile exclusion. Unlike the facts of this case, the insured's son in *Hurston* was *driving* an automobile when the accident occurred. The court found that the exclusion applied because the vehicle involved in the accident had been *operated by* the insured's son.

The insurer bears the burden of proving there was no coverage under the policy. Metropolitan has failed to meet its burden. The undisputed facts of this case do not support Metropolitan's arguments. Because the insured's vehicle was not involved in the accident and because the vehicle involved in the accident was not being operated by the insured, the automobile exclusion does not apply. Therefore, the Court finds the homeowners policy does provide coverage under the facts presented to this Court. For these reasons, Metropolitan's motion for summary judgment is denied, and the Landrys' motion for summary

judgment is granted *sua sponte*. A declaratory judgment will be issued by the Court which provides that coverage is afforded by Metropolitan under its homeowners policy under the facts of this case. Counsel for Metropolitan shall submit a proposed judgment to the Court within ten days which has been approved as to form by all parties.