**Damon THOMAS, et al.**

v.

**CF INDUSTRIES, INC.**

**Civ. A. 89–370–B.**

United States District Court,
M.D. Louisiana.

Oct. 31, 1990.

Jay Szuba, Baton Rouge, La., for plaintiffs.

**764**

Vincent F. Fornias, Trial Atty., Kantrow, Spaht, Weaver and Blitzer, Baton Rouge, La., for CF Industries.

Gary A. Bezet, Erich P. Rapp, Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, Baton Rouge, La., for Barnard and Burk Plant Services.

David R. Dugas, Caffery, Oubre, Dugas & Campbell, New Iberia, La., for Employers Nat. Ins. Co.

## RULING ON CF INDUSTRIES' MOTION FOR SUMMARY JUDGMENT ON ITS THIRD PARTY DEMANDS AGAINST BARNARD & BURK AND EMPLOYERS NATIONAL

POLOZOLA, District Judge.

Damon Thomas filed suit against CF Industries, Inc. (CFI) for damages sustained while performing work on CFI's premises pursuant to a contract between CFI and Barnard & Burk (B & B). CFI then filed a Third Party Complaint against B & B and its insurer, Employers National Insurance Company (Employers), under the indemnity provisions of the contract between CFI and B & B. CFI seeks attorney's fees from B & B and attorney's fees and statutory penalties from Employers arising from its failure to defend CFI.

Plaintiff's complaint was previously dismissed by this Court after the Court determined that Thomas' claim was barred by the Louisiana Workers Compensation Act because he was a statutory employee of CFI. The action is currently before the Court on CFI's motion for summary judgment on its third party claims against B & B and Employers.

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." [1]

The parties concede that a maintenance contract was in existence between B & B and CFI at the time of the accident. The indemnity provision of this contract provides:

> Contractor [B & B] agrees that it shall indemnify and hold Owner [CFI] free and harmless of and from any and all claims of whatsoever kind and nature, including, but not limited to, damages to person or property that may arise out of, or by reason of, the performance of services under the provisions of this contract, that may result from the use or possession of any tools or equipment loaned or furnished to Contractor by the Owner, or that may be due to the negligence, commission, or omission of any act by Contractor, employee, or agent performing work hereunder, and all costs and expenses relating to the defense of any such claims, including reasonable attorney fees incident thereto.

CFI argues that the above provision requires B & B and Employers to indemnify CFI even against CFI's own negligence. Thus, CFI contends that regardless of whether CFI, B & B, or a third party was at fault in causing plaintiff's injuries, B & B and Employers would be liable to CFI for its attorney's fees and other costs incurred by it in defending this action under the contractual indemnity provision of the contract.

B & B argues that CFI's negligence is not covered by the indemnity agreement, and if such negligence caused plaintiff's injuries, B & B is not liable to CFI for its attorney's fees and costs. B & B and Employers therefore contend there is a genuine issue of material fact involving who caused plaintiff's injuries.

A resolution of this motion requires the Court to interpret the indemnity provision of this contract to determine whether CFI is entitled to be indemnified for its own negligence. It is clear in Louisiana law that:

> A contract of indemnity whereby the indemnitee is indemnified against the

---

1. Fed.R.Civ.P. (Rule) 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Fontenot v. Upjohn Co.,* 780 F.2d 1190 (5th Cir. 1986).

consequences of his own negligence is strictly construed, and such a contract will not be construed to indemnify an indemnitee against losses resulting to him through his own negligent act, unless such an intention was expressed in unequivocal terms. *Polozola* [2] *v. Garlock, Inc.*, 343 So.2d 1000, 1003 (La.1977). The above rule has been followed in numerous Louisiana and federal cases.[3] Thus, in order for an indemnitee to be indemnified against his own negligence, the indemnitee must show that such an intention is clear from the terms of the indemnity provision.[4]

■ CFI has failed to meet this exacting burden. The language of the indemnity provision shows no intention to indemnify CFI for its own negligence. The contract specifically sets forth those parties for whose negligence CFI is to be indemnified against damage. This contract provides that CFI is to be indemnified "due to the negligence, omission, or commission of any act by Contractor, employee, or agent ..."[5] This provision noticeably fails to mention or include the "Owner," i.e., CFI. Although CFI argues that this provision is preceded by the phrase "including, but not limited to," it seems nonsensical that the parties would have excluded that the "owner" would be indemnified against its own negligence, when it listed the names of the parties for whose negligence CFI would be indemnified. This is especially true in light of the fact that, under *Polozola*, the indemnitee is the party who most needs to be specifically mentioned if the indemnitee is to be indemnified for its own negligence.

CFI relies on *Jennings v. Ralston Purina Co.*, 201 So.2d 168 (La.App. 2d Cir. 1967), in which the court held that an in-demnity provision with language similar to that in the case at bar requires the indemnitee to be indemnified for its own negligence. This reliance is misplaced. *Jennings* is a case decided by an intermediate appellate court some ten years prior to the Louisiana Supreme Court's pronouncement in *Polozola*. Although, as CFI points out, *Jennings* was cited with approval in *Polozola*, it was cited for its language "that a contract of indemnity whereby one assumes indemnification against his own negligence must be strictly construed."[6] The holding in *Jennings* that the specific indemnity provision in question covered the indemnitee's own negligence was not necessarily approved by the *Polozola* court. Furthermore, the provision in *Jennings* did not contain the limiting language found in the indemnity provision now before this Court: "due to the negligence, omission, or commission of any act by **Contractor, employee, or agent....**"

CFI also relies on *Seal Offshore, Inc. v. American Standard, Inc.*, 736 F.2d 1078 (5th Cir.1984) for the proposition that "an insurance provision can so expansively shift risks that it is plain that contracting parties intended to include negligent acts in the indemnity obligation."[7] Even assuming that the quoted language from *Seal Offshore* would expand the indemnity obligation in the case at bar, counsel for CFI, in his memorandum in support of this motion, incorrectly states the applicability of *Seal Offshore*. Counsel for CFI argues in his brief as follows: "The United States Fifth Circuit, **applying Louisiana's substantive law in the case of** *Seal Off-*

---

2. The named plaintiff in *Polozola* is not this judge nor a member of his family.

3. See, e.g., *Perkins v. Rubicon, Inc.*, 563 So.2d 258, 259 (La.1990); *Soverign Ins. Co. v. Texas Pipe Line Co.*, 488 So.2d 982, 983 (La.1986); *Rodriguez v. Olin Corp.*, 780 F.2d 491, 500 (5th Cir.1986).

4. The two most notable examples of the Louisiana Supreme Court holding that an indemnity provision indemnifies the indemnitee against his own negligence are *Polozola*, supra, and *Perkins*, supra. It should be noted that in *Polozola*

the indemnity provision covered "losses resulting from claims **arising from any source.**" In *Perkins*, the indemnity clause covered "losses ... **even though caused by the negligence of** [indemnitee]." Both of these provisions are much more specific than the provision in the case at bar.

5. Emphasis added.

6. 201 So.2d at 175. See *Polozola*, 343 So.2d at 1003.

7. 736 F.2d at 1081.

*shore....*" [8] The Court in *Seal Offshore* was not applying Louisiana substantive law. The Fifth Circuit stated in a footnote that it was not applying any state's substantive law.[9] Even if state substantive law applied, the case was an appeal of a decision rendered by a United States District Court in Texas, arising out of an accident which occurred in Texas. It is doubtful that Louisiana would have provided the applicable substantive law for the Fifth Circuit in *Seal Offshore.*

Finally, CFI relies on *Harper v. Intracoastal Truck Lines,* 451 So.2d 1289 (La. App. 1st Cir.1984) for the proposition that the contract provisions should be read as a whole to determine the meaning of a specific provision. This Court agrees with this statement of law and has in fact read, reviewed and considered the contract as a whole in determining that the parties did not intend to indemnify CFI against its own negligence.

Thus, the Court finds that the indemnity contract does not require B & B to indemnify CFI against its own negligence. Although B & B did not file a cross motion for summary judgment on this issue, it is clear that the Court can consider such a motion on its own. In *Metropolitan Property and Liability Insurance Company v. Landry,* 729 F.Supp. 1581, 1582 (M.D.La. 1990), this Court stated:

> It is clear that all parties have fully briefed the issue before the Court. Thus, the Court sua-sponte will treat the opposition filed by [the defendant] as a cross motion for summary judgment. This procedure is sanctioned by the Fifth Circuit Court of Appeals ... [i]n *Matter of Caravan Refrigerated Cargo, Inc.,* 864 F.2d 388, 393 (5th Cir.1989).

Based on *Landry,* this Court will grant a partial motion for partial summary judgment on behalf of B & B on the issue of whether the indemnity agreement in question indemnifies CFI against its own negli-

gence. In all other respects, CP's motion for summary judgment is denied.

■ The Court finds that there exists a genuine issue of material fact as to which party caused the injury to the plaintiff. If the injury was caused by the negligence of CFI, B & B is not liable to CFI under the indemnity agreement. If the accident was caused by the negligence of the contractor, employer or agent, B & B would be liable under the indemnity provision. Because of the Court's decision on the indemnity agreement, the Court does not reach the other issues raised in the parties briefs.[10]

Therefore:

IT IS ORDERED that on the Court's own motion, the Court shall grant a partial summary judgment in favor of Barnard & Burk finding that B & B does not have to indemnify CF Industries, Inc. for CF's own negligence under the terms of the indemnity agreement.

IT IS FURTHER ORDERED that in all other respects, CF's motion for summary judgment be, and the same is hereby, DENIED.

---

**8.** *Memorandum in Support* at p. 7. Emphasis added.

**9.** 736 F.2d at 1081, n. 2.

**10.** These issues include: whether this accident was excluded under the pollution exclusion provision of the insurance contract and whether B & B breached its obligation to purchase insurance.