Louise **OGIMA**

v.

Marsha **RODRIGUEZ, et al.**

**Civ. A. No. 87–999–B.**

United States District Court,
M.D. Louisiana.

Sept. 10, 1992.

---

**55.** La.Civ.Code art. 2542.

**56.** La.Civ.Code art. 2544.

Richard A. Schwartz, Joseph H. Simpson, Simpson & Schwartz, Amite, La., Joanna Wilson, Louisiana Dept. of Labor, Baton Rouge, La., for plaintiff.

Thomas A. Lane, Lane, Fertitta, Lane & Tullos, Tara Avery Hingle, Asst. U.S. Atty., for P. Raymond Lamonica, U.S. Atty., Baton Rouge, La., for defendants.

## OPINION

POLOZOLA, District Judge.

### I. Introduction and Procedural History

Louise Ogima originally filed this suit in the 21st Judicial District Court for the Parish of Livingston, Louisiana against Marsha Rodriguez and her automobile insurer, State Farm Mutual Automobile Insurance Company (State Farm). Plaintiff claimed that she sustained damages because of the negligent manner Rodriguez was driving her vehicle. At the time of the accident, Rodriguez was using her vehicle to deliver United States Mail. State Farm filed a third party action in the state court suit against the United States seeking indemnification from the United States for any sums State Farm was required to pay in damages. State Farm also sought an order requiring the United States to assume Rodriguez's defense. The United States timely removed this suit to federal court. Thereafter, the United States filed a counterclaim against State Farm seeking a judgment declaring that the United States is an insured under the policy and that State

Farm had an obligation to defend and indemnify the United States for any damages it sustained in this suit. Approximately one year after the suit was filed, the United States was substituted as a defendant in the main demand in place of Rodriguez pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. Marsha Rodriguez was then dismissed as a defendant in this case. After answers had been filed, State Farm moved for a summary judgment on the ground that its policy did not provide coverage herein. The Court initially granted the motion for summary judgment. The United States then filed a motion seeking to have the Court reconsider its opinion. The Court granted the United States' motion for reconsideration and vacated its order which granted State Farm's motion for summary judgment. Some time after the Court denied State Farm's motion for summary judgment, State Farm settled the suit with the plaintiff for the sum of $18,000. The United States and State Farm reserved the claims each had against the other. The matter is now before the Court for a determination of these issues.

## II. Stipulation of the Parties

State Farm and the United States have submitted to the Court the following statement of facts which are not in dispute:

1. On August 4, 1986, the date of the accident alleged in the Complaint [state court petition], State Farm Mutual Automobile Insurance Company Policy Number 5213–152–18E [policy] was in full force and effect. A certified copy of the policy is filed in the record and incorporated by reference.

2. On August 4, 1986, Thoston Rodriguez, Jr. was the named insured in the policy.

3. On August 4, 1986, Marsha Rodriguez was the spouse of Thoston Rodriguez, Jr. As the spouse of the named insured, Marsha Rodriguez was an insured under the policy section, "Who is an insured."

4. The 1986 Toyota pickup truck described in the policy was owned by Thoston and Marsha Rodriguez.

5. At the time of the alleged vehicle accident, Marsha Rodriguez was driving the 1986 Toyota pickup truck described in the policy and was performing her duties as a United States Postal Service mail carrier, delivering mail to rural postal customers in Livingston Parish, Louisiana.

6. As an "organization liable for the use of such a car by ..." Marsha Rodriguez, the United States was an insured under the policy section, "Who is an Insured."

7. On December 11, 1986, plaintiff, Louise Ogima, filed a petition in the 21st Judicial District Court, Parish of Livingston, State of Louisiana. Personal injury damages for the alleged August 4, 1986 automobile accident were sought against Marsha Rodriguez and State Farm. Plaintiff's petition is filed in the record and incorporated by reference.

8. On September 10, 1987, in the state court proceeding, State Farm filed a Motion for Summary Judgment seeking dismissal of "Plaintiff's suit as to them as liability insurer of Marsha Rodriguez, wife of Thoston Rodriguez ..." Copies of the Motion for Summary Judgment, State Farm's Memorandum in Support of Motion for Summary Judgment, and the Judgment denying same are filed in the record and incorporated by reference.

9. On October 12, 1987, State Farm filed a Third Party Demand against the United States of America. The Third Party Demand is filed in the record and incorporated by reference.

10. On November 13, 1987, the United States removed the state court proceeding to the United States District Court, Middle District of Louisiana.

11. On January 8, 1988, the United States filed an Answer to the Third

Party Complaint of State Farm *and* a "Claim of the United States Against State Farm Mutual Automobile Insurance Company" seeking a judgment that the United States was "an insured under the insurance policy ..." This is the matter now before the court.

12. On January 14, 1988, the United States was substituted as a party defendant for Marsha Rodriguez.

13. State Farm settled with plaintiff. Pursuant to the settlement, State Farm and the United States reserved their rights to judicial determination of the pending claims concerning insurance coverage and duty to defend.[1]

14. State Farm and the United States denied liability to plaintiff. The settlement with plaintiff was not intended to, and does not, prejudice either party's substantive or procedural rights with respect to a determination of the coverage and duty to defend claims.

15. The United States has provided attorneys and incurred expenses in connection with the defense of this action and litigation of the coverage and duty to defend claims. The determination of the amount of such services and expenses is reserved until after resolution of the matter now before the court.

## III. Contentions of the Parties

State Farm contends that its policy does not provide coverage because of an exclusionary clause which provides:

"WHEN COVERAGE DOES NOT APPLY:

\* \* \* \* \* \*

3a. For damages for which the United States might be liable for the insured's use of any vehicle."

State Farm further contends it was under no obligation to defend this suit because the FTCA creates a cause of action against the United States and, therefore, Marsha Rodriguez has immunity from suit under the Act. Thus, State Farm contends it could not be sued under the Louisiana Direct Action Statute.[2] In other words, State Farm seeks to invoke the personal immunity Marsha Rodriguez has under the FTCA as a defense herein and argues that the plaintiff cannot bring a separate suit against State Farm under the Louisiana Direct Action Statute.

The United States contends that State Farm's exclusion is invalid because the exclusion is ambiguous, comprehensive in scope, and violates the Louisiana compulsory law and public policy.

## IV. Issues Before the Court

Thus, there are three basic issues before the Court: (1) who are the insureds under the policy; (2) is exclusion 3a in the State Farm insurance policy valid; and, (3) did State Farm have a duty to defend Marsha Rodriguez and the United States?

## V. Is the United States An Insured Under the Policy?

It is clear that Marsha Rodriguez is a named insured under the State Farm policy. The United States also qualifies as an insured under the omnibus insured provision of the policy because the United States is a "person or organization liable for the use of such a car by one of the above insureds (Marsha Rodriguez)." State Farm concedes that the United States is an additional insured under the omnibus insured provisions of the policy.[3]

## VI. Is Exclusion Clause 3a Valid?

■ An insurer has the duty to clearly and expressly set forth the exclusions to its insurance agreements. Exclusionary provisions are strictly construed against the in-

---

1. The settlement agreement was incorporated as Attachment No. 1 to the stipulation but is being deleted from this opinion.

2. La.R.S. 22:655.

3. *See* also *United States v. Myers*, 363 F.2d 615 (5th Cir.1966); Stipulation of Fact No. 6, page 3 of this opinion.

surer.[4] The "insurance policy if uncertain in meaning should be construed against the insurer who wrote it and should be read liberally so as to indemnify the insured."[5] Louisiana requires a policy to be construed so as to give effect, if possible, to every provision therein.[6] An insurance policy in Louisiana should be interpreted in such a way as to comport with the parties' intentions as expressed in the language of the policy itself.[7] As an adjunct to the rule of strict construction, the jurisprudence requires that exclusions to the insuring agreement be clearly expressed in the policy. Any doubt or ambiguity will be resolved against the insurer.[8] If an exclusion gives rise to multiple interpretations, the one affording coverage to the insured will be adopted.[9] In *Pullen v. Employers' Liability Assurance Corp.*,[10] the Louisiana Supreme Court set forth the following procedure to be followed in construing exclusionary clauses in insurance policies:

> The exclusion clause must necessarily be examined and interpreted in the light of its own design and intent, as well as in view of the objects and purposes of the policy. Once coverage has been extended, as it is quite clearly the purpose of the policy to do as has been done here, it should be withdrawn only when exclusion is established with certainty. And because comprehensive exclusion is violative of the purpose and intent of policy coverage, exclusion must necessarily be specific and not general. It is specific, as distinguished from comprehensive, with it particularly identifies the insured or insureds intended to be excluded. The exclusion clause, as its name implies, sets forth the traits, characteristics, and circumstances that mark an insured for ex-

clusion. And the insured or insureds to be excluded must bear the marks, traits, or conform with the circumstances, described and particularized in the exclusion clause as the basis for exclusion.

■ Applying the above principles to the policy issued by State Farm in this case, the Court finds that the exclusion is vague, ambiguous and too comprehensive in scope. At least two other courts which have considered exclusionary provisions containing the same or similar language as exclusion 3a in other State Farm policies have reached the same conclusion.[11]

The specific language used in exclusion 3a in the policy—"damages for which the United States might be liable for the insured's use of any vehicle"—does not identify which insureds it intends to exclude, is overly comprehensive and of uncertain import. This is particularly so when the language of the State Farm policy is compared to other policies which contain an exclusion involving claims under the Federal Torts Claim Act.

The United States has attached three policies written by other insurance companies with exclusions which specifically refer to 28 U.S.C. § 2679, the Federal Torts Claims Act. Thus, the policy issued by the National General Insurance Company provides:

> The following are not "insureds" under Part A:
> 1. The United States of America or any of its agencies.
> 2. Any person with respect to "bodily injury" or "property damage" resulting from the operation of an auto by that person as an employee of the United States Government. This applies only if

---

**4.** *Scarborough v. Travelers Ins. Co.*, 718 F.2d 702, 707 (5th Cir.1983).

**5.** *Walter v. Marine Office of America*, 537 F.2d 89, 95 (5th Cir.1976).

**6.** *Huey Littleton Claims, Inc. v. Employers Reinsurance Corporation*, 933 F.2d 337 (5th Cir. 1991); *Hemel v. State Farm Mutual Auto Insurance Co.*, 211 La. 95, 29 So.2d 483 (1947).

**7.** *Graves v. Traders & General Insurance Co.*, 252 La. 709, 214 So.2d 116 (1968).

**8.** *Benton Casing Service Inc. v. Avemco Ins. Co.*, 379 So.2d 225 (La.1979).

**9.** *Huey T. Littleton Claims, Inc. v. Employers Reinsurance Corporation*, 933 F.2d 337; *Stewart v. Louisiana Farm Bureau Mutual Insurance Co.*, 420 So.2d 1217 (La.App. 3d Cir.1982).

**10.** 89 So.2d 373, 377 (La.1956).

**11.** *State Farm v. Malcolm*, 259 N.W.2d 833 (Iowa 1977); *Reeves v. Miller*, 418 So.2d 1050 (Fla.App. 5th Dist.1982).

the provisions of Section 2679 of Title 28, United States as amended, require the Attorney General of the United States to defend that person in any civil action which may be brought for the bodily injury or property damage.

The Farmers Insurance Group automobile liability policy states:

The following are not "insureds" ...

(a) The United States of America or any of its agencies,

(b) Any person including the named insured, who is an employee of the United States of America or any of its agencies, while acting within the scope of his office or employment, if the provisions of Section 2679 of Title 28, United States Code (Federal Tort Claims Act), as amended, require the Attorney General of the United States to defend such person in any civil action or proceeding which may be brought for bodily injury or property damage.

Another policy written by The Farmers Insurance Group provides:

Insured person does not mean:

(1) The United States of America or any of its agencies.

(2) Any person for bodily injury or property damage arising from the operation of a vehicle by that person as an employee of the United States Government when the provisions of the Federal Tort Claims Act apply.

 In each of the above quoted policies, there is a clear, concise and specific exclusion. In each exclusionary clause, there is little doubt that there is no coverage when "the provisions of Section 2679 of Title 28, United States Code require the Attorney General of the United States to defend that person in any civil action which may be brought for the bodily injury or

property damage";[12] "if the provisions of Section 2679 of Title 28, United States Code (Federal Tort Claims Act) ... require the Attorney General of the United States to defend such person in any civil action or proceeding which may be brought for bodily injury or property damages;"[13] or "the provisions of the Federal Tort Claims Act apply."[14] On the other hand, the provision in the State Farm policy fails to specifically identify the insureds who are being denied coverage and the circumstances and nature of the liability intended to be excluded. Such vague references as "any damages for which the United States *might* be liable" is too ambiguous, vague and overly comprehensive. Louisiana requires an insurer to draft an exclusion in clear, specific, unambiguous and restrictive-limited terms.[15] The burden is on State Farm to prove the legal sufficiency of its exclusion. State Farm has failed to meet this burden. In fact, State Farm has conceded in its briefs that the language contained in its exclusion "would be against public policy" under certain circumstances. To allow an insurer to pick and choose when there might be coverage afforded or denied depending on the facts is inconsistent with Louisiana law. The terms of the exclusion should be such that it is clear who is insured and what is excluded.[16]

Since the Court has found the policy invalid because of its vagueness and comprehensiveness, it is not necessary to determine whether the exclusion violates the Louisiana compulsory insurance law.

**VII. Does State Farm Owe the Insureds a Defense?**

 Under Louisiana law, an insurer has a duty to defend its insured unless the allegations in the complaint unambiguously exclude coverage.[17] Coverage is deter-

---

**12.** National General Insurance Company policy.

**13.** The Farmers Insurance Group policy # 1.

**14.** The Farmers Insurance Group policy # 2.

**15.** *Pullen v. Employers' Liability Assurance Corp.*, 230 La. 867, 89 So.2d 373 (La.1956); *Scarborough v. Travelers Ins. Co.*, 718 F.2d 702 (5th Cir.1983).

**16.** The government has set forth various factual situations in its briefs which illustrate the problems a government employee would experience if the Court accepts State Farm's interpretation of coverage under the State Farm policy.

**17.** *Alert Centre, Inc. v. Alarm Protection Services, Inc.*, 967 F.2d 161 (5th Cir.1992); *Jensen v. Snellings,* 841 F.2d 600 (5th Cir.1988); *Meloy v. Conoco, Inc.,* 504 So.2d 833 (La.1987); *American*

mined by comparing the allegations in the complaint with the terms of the policy. In resolving this issue, the Court should only look to the face of the complaint and the insurance contract.[18] The insurer has a duty to defend its insured if the complaint discloses a possibility of liability under the policy. In *Alert Centre, Inc. v. Alarm Protection Services, Inc.,*[19] the Fifth Circuit stated:

> Thus, if the complaint alleges a single claim against the insured that is covered by the policy, the insurer must defend the entire suit, even those claims clearly excluded from coverage.[20]

It is clear that State Farm breached its duty to defend Marsha Rodriguez in the state court proceedings. This is particularly so since the Court has found the exclusionary clause invalid. In effect, Marsha Rodriguez was abandoned even though she was sued for alleged negligent acts clearly covered by the policy. The United States was not named as a defendant in the main demand in the state court suit. Even more disturbing is the fact that State Farm failed to provide Marsha Rodriguez with a separate attorney when State Farm sought to deny coverage in this matter. But for the actions of the United States Attorney's office, Marsha Rodriguez would have been left unrepresented in the state court proceedings and could have even been subjected to a default judgment in state court. There is little need to further discuss State Farm's duty to defend both Marsha Rodriguez or the United States. The legal principles previously cited require State Farm to defend this action. The fact that the Court has held the exclusion to be invalid also requires State Farm to defend and to reimburse Marsha Rodriguez and the United States for attorney's fees.

## VIII. Summary and Conclusion

Because all of the parties have fully briefed the issues[21] before the Court, the Court will sua-sponte treat the opposition and memoranda filed by the United States as a cross motion for summary judgment. This procedure was sanctioned by the Fifth Circuit in *Matter of Caravan Refrigerated Cargo, Inc.*[22] All procedural requirements for filing a motion for summary judgment have been satisfied. The ground upon which the motion for summary judgment is based is known to all parties, adequate warning has been given to all parties and the issues have been fully briefed by the parties. It is in the interest of justice and judicial economy to consider the legal issue before the Court on cross motions for summary judgment.[23]

In summary, the Court finds Marsha Rodriguez and the United States are insureds under the policy, exclusion 3a is invalid, and State Farm owned a duty to defend Marsha Rodriguez and the United States. For these reasons, State Farm's motion for summary judgment is DENIED, and the United States' motion for summary judgment is GRANTED sua sponte. Within 15 days, counsel for the United States shall submit a proposed judgment to the Court, which has been approved as to form by counsel for State Farm.

---

Home Assurance Co. v. Czarniecki, 255 La. 251, 230 So.2d 253 (1969).

18. *Alert Centre, Inc. v. Alarm Protection Services, Inc., supra* at 163.

19. 967 F.2d at 163.

20. *See,* also: *Montgomery Elevator Co. v. Building Engineering Services, Co., Inc.,* 730 F.2d 377, 382 (5th Cir.1984).

21. In reaching its decision in this case, the Court considered all of the contentions of the parties whether discussed herein or not.

22. 864 F.2d 388, 393 (5th Cir.1989); *Landry v. GBA,* 762 F.2d 462 (5th Cir.1985); *British Caledonian Airways, Ltd. v. First State Bank of Bedford, Texas,* 819 F.2d 593 (5th Cir.1987); *see also Metropolitan Property and Liability Insurance Company v. Landry,* 729 F.Supp. 1581 (M.D.La.1990).

23. Metropolitan Property and Liability Ins. Co., 729 F.Supp. at 1582.