**Albert BAZA, et al.**

v.

**CHEVRON OIL SERVICE CO., et al.**

**Civil Action No. 95–1574.**

United States District Court,
E.D. Louisiana.

July 18, 1996.

Darryl John Carimi, David Kent Buie, Carimi Law Firm, Metairie, LA, for Albert Baza.

Michael L. McAlpine, Richard Abelard Cozad, McAlpine, Peuler & Cozad, New Orleans, LA, Philip Francis Cossich, Jr., Les Anthony Martin, Cossich, Martin & Sumich, LLC, Belle Chasse, LA, Gregory Wayne Minton, Marquette Transp. Co., Paducah, KY, for H.J. Gauthier Boat Rental Serv., Inc.

Bruce Reginald Hoefer, Jr., Robert Timothy Lorio, Milling, Benson, Woodward, Hillyer, Pierson & Miller, New Orleans, LA, for Chevron U.S.A. Inc.

Carol Lee Haynes, Louisiana Dept. of Health & Hosp., New Orleans, LA, for Dept. of Health and Hosp.

Michael John Maginnis, Jose R. Cot, Maginnis & Hurley, New Orleans, LA, for Certain Underwriters at Lloyd's, Norwich Union Fire Ins.Soc.Ltd., LA Reunion Francaise Soc.Annon. D'Assurances et des Reassurances, Phoenix Assurance PLC, AXA Marine & Aviation, Zurich Re (UK) Ltd., Compagnie D'Assurances Maritimes Aeriennes et Terrestres, Atlas Assurance Co. Ltd., Ocean Marine Ins. Co. Ltd., Wurttembergische Feuerversicherung Ag, Yorkshire Ins. Co. Ltd.

James R. Carter, Porteous, Hainkel, Johnson & Sarpy, New Orleans, LA, for Pivach Agency, Inc.

### ORDER AND REASONS

CLEMENT, District Judge.

This case involves an extensive array of victims, potential tortfeasors, insurers, and indemnifiers. The plaintiff, Albert Baza, was seriously injured while serving as captain of a vessel owned by defendant H.J. Gauthier Rental Service Inc. ("Gauthier"). At the time, the vessel was under a time charter agreement with defendant Chevron U.S.A. Inc. ("Chevron"), which was using it in connection with its oil and gas activities in the Gulf of Mexico. Gauthier was covered by a Protection and Indemnity ("P & I") policy issued by Certain Underwriters at Lloyd's ("the Underwriters"), with Chevron listed as an additional assured. By virtue of the time charter, Gauthier had also obligated itself to defend and indemnify Chevron from liability incurred in connection with the vessel. Plaintiff filed suit against both Gauthier and Chevron.

Chevron filed a cross-claim against Gauthier and a third-party complaint against the Underwriters, both of whom apparently have refused to defend or indemnify Chevron in this action. Chevron contended in this pleading that the Underwriters had an obligation to defend and indemnify it because of its status as an additional assured under Gauthier's P & I policy, and a separate obli-

gation to it because it had provided coverage for Gauthier's contractual defense and indemnity obligations to Chevron. Chevron further contended that Gauthier was obligated to defend and indemnify it in this action under the terms of the time charter agreement. Gauthier also filed a cross-claim against the Underwriters, contending that the Underwriters were obligated to defend and indemnify it from all aspects of this case.

Because neither the insurance policy issued by the Underwriters nor the blanket time charter between Gauthier and Chevron is a model of clarity, the Court must resolve the issue as to who will be responsible for paying for plaintiff's damages.

### Analysis

Three motions directed to this question are pending before the Court. The Underwriters have moved for summary judgment on Chevron's claims against them. They contend that, under the policy issued to Gauthier, Chevron is entitled to coverage as an additional assured only when acting "as owner" of the vessel, and that the facts of this case do not support the conclusion that it was doing so at the time of Mr. Baza's accident. Although the Underwriters concede that Chevron was sued partially in its capacity as time charterer, and that they may therefore owe Chevron at least a defense, they ask for a declaratory judgment that they need defend Chevron only from the time plaintiff filed his First Amending and Supplemental Complaint, and also ask that the Court declare them not obligated to pay any damages arising from Chevron's role as platform owner. The Underwriters also object to Chevron's attempt to collect money from them based on Gauthier's alleged coverage for contractual liability, Chevron's theory being that Gauthier is contractually required to indemnify it for any damages for which it is found liable in this suit, and the Underwriters are required to indemnify Gauthier for any damages it pays to Chevron as a result of this obligation.

Chevron opposes the Underwriters' motion and moves for summary judgment in its favor on both grounds. With regard to the first argument, it contends that the "as owner" clause was effectively deleted from the P & I policy as it pertains to the additional assured parties. It also interprets the policy as giving Gauthier contractual liability insurance coverage for any damages it must pay to Chevron under the time charter.

Chevron filed a separate motion for summary judgment against Gauthier. In this motion, Chevron interprets the time charter agreement as providing that Gauthier must indemnify it for any liability it is found to have incurred in this matter. Gauthier opposes this motion, arguing that it must indemnify Chevron only for vessel-related liability, and not for any liability arising out of its negligence as platform owner. Because these motions are related, the Court will consider them together.

1.  *Has the "As Owner" clause been deleted with respect to Chevron?*

■ Answering this question involves interpretation of an extremely confusing clause of the insurance policy at issue. The clause provides:

It is agreed and understood that whenever H.J. Gauthier Rental Service Inc. vessel is chartered to a charterer who is performing work for the benefit of CHEVRON U.S.A. INC. as a contractor or subcontractor under or with respect to a CHEVRON U.S.A. INC. will be Additional Assured, with Waiver of Subrogation in Chevron's favor, with the "As Owner of ..." clause and the "as required by contract" clause deleted, with respect to OWNER'S policies of insurance covering the vessel on the same basis as though CHEVRON U.S.A. INC. had chartered the vessel directly from H.J. GAUTHIER RENTAL SERVICE INC. Policies of insurance shall be primary irrespective of the availability of applicable other insurance. The foregoing agreement and endorsement is additional to and does not compromise any rights or obligation granted to or owed CHEVRON U.S.A. INC. pertinent to contracts when CHEVRON U.S.A. INC. charters vessel from H.J. GAUTHIER RENTAL SERVICE INC.

Although this clause is poorly written and clearly full of typographical errors, it would

perhaps be comprehensible but for one fact. Nowhere in the entire policy is there any language indicating "any rights or obligation granted to or owed CHEVRON U.S.A. INC. pertinent to contracts when CHEVRON U.S.A. INC. charters vessel from H.J. GAUTHIER RENTAL SERVICE INC," other than the bare provision listing Chevron as an additional assured. Accordingly, the statement that Chevron will be covered "on the same basis as though CHEVRON U.S.A. INC. had chartered the vessel directly from H.J. GAUTHIER RENTAL SERVICE INC." has no ascertainable meaning. It is entirely unclear whether coverage "with the 'As Owner of' clause deleted" is something that Chevron is accorded "on the same basis" as though it had chartered the vessel directly from H.J. Gauthier Rental Service Inc., or whether deletion of the "as owner" clause is a protection added as a supplement to the protection Chevron receives when it is chartering a vessel directly from Gauthier.

■ Construction of unclear marine insurance contracts is governed by federal maritime law. *Randall v. Chevron U.S.A., Inc.*, 13 F.3d 888, 894 (5th Cir.1994), *citing Theriot v. Bay Drilling Corp.*, 783 F.2d 527, 538 (5th Cir.1986). Absent federal legislation or jurisprudence, courts should apply the law of the state where the marine insurance contract was issued and delivered. *Id., citing Elevating Boats, Inc. v. Gulf Coast Marine, Inc.*, 766 F.2d 195, 198 (5th Cir.1985); *Walter v. Marine Office of America*, 537 F.2d 89, 94 (5th Cir.1976); *Wilburn Boat Co. v. Fireman's Fund Insurance Co.*, 348 U.S. 310, 75 S.Ct. 368, 99 L.Ed. 337 (1955). In this case, that state is Louisiana.

■ A few basic principles control this dispute. Under Louisiana law, when a contract is ambiguous, it should be construed "against the insurer who wrote it and should be read liberally so as to indemnify the insured." *Walter v. Marine Office of America*, 537 F.2d at 94–95. A reviewing court should view a contract in the light of the parties' reasonable expectations as to risks and protection against them. *Id.* at 95. If an exclu-

sion gives rise to multiple interpretations, the one affording coverage to the insured should be adopted. *Ogima v. Rodriguez*, 799 F.Supp. 626, 630 (M.D.La.1992). The Court has not been directed to any contrary federal law, and is satisfied that none exists.

■ Because the contract here was drafted by the Underwriters, the Court must read ambiguous passages in the light most favorable to Chevron. Moreover, Gauthier has submitted affidavits indicating that its intention in negotiating for the policy was to obtain coverage for Chevron with the "as owner" clause deleted under all circumstances, as it was required to do under its time charter agreement with Chevron. The Underwriters have not submitted evidence that their intention was otherwise. The Court therefore holds, as a matter of law, that the "as owner" clause is deleted both when Chevron has chartered a vessel directly from Gauthier and when it has chartered a vessel through a contractor or subcontractor. Accordingly, Chevron is entitled to coverage by the Underwriters whether it is found to be liable as a charterer or as a platform owner. *See Helaire v. Mobil Oil Co.*, 709 F.2d 1031, 1042 (5th Cir.1983) (deleting "as owner" clause removes any distinction between coverage for unloading activities and for platform activities). In either case, this coverage extends to "personal injury arising in connection with the handling of cargo of the vessel," Form SP–23 at ¶ 1, and clearly applies to the facts of this case.[1]

2. *When must Gauthier defend and indemnify Chevron?*

■ The blanket time charter between Gauthier and Chevron provides that

Owner hereby agrees to fully indemnify and hold Charterer and Charterer's co-venturers, co-operators and partners forever harmless, and to undertake to defend Charterer and Charterers' co-venturers, co-operators and partners, of and from any and all liabilities, losses, damages, and costs, of whatsoever nature or kind, for personal injury or death ... arising out of

---

1. Because the Court finds that the Underwriters' obligation does not depend on whether Chevron was liable in its capacity as time charterer or vessel owner, the analysis in *Hodgen v. Forest Oil Corp.*, 87 F.3d 1512 (5th Cir. 1996) need not be led to this case.

or in anyway directly or indirectly connected with the performance of service under this agreement or the ownership, maintenance, management, operation, transportation of passengers, carrying of cargo, loading or unloading of cargo, loading or unloading of passengers or navigation of the vessel, and whether or not caused or contributed to by the negligence, strict liability or fault of Charterer or Charterer's co-venturers, co-operators and partners, or of any person or party for whose acts Charterer and Charterer's co-venturers, co-operators and partners is or may be liable.

Gauthier has thus incurred contractual liability for any damages owed by Chevron "arising out of or in anyway directly or indirectly connected with the performance of service under this agreement" or any of the other listed activities. The question is whether the liability asserted against Chevron in this case falls into these parameters.

Gauthier relies on several cases interpreting clauses similar to the one at issue here for the proposition that liability is not "directly or indirectly connected with the performance of service" under a time charter agreement when it is incurred entirely by a charterer/platform owner in its role as platform owner, with the vessel being only an inert bystander. *See Lanasse v. Travelers Insurance Co.,* 450 F.2d 580, 584 (5th Cir. 1971), *cert. denied,* 406 U.S. 921, 92 S.Ct. 1779, 32 L.Ed.2d 120 (1972); *Smith v. Tenneco Oil Co.,* 803 F.2d 1386 (5th Cir.1986); *Gaspard v. Offshore Crane & Equipment,* 1995 WL 144592 (E.D.La.1995); *Crochet v. ODECO, Inc.,* 1988 WL 54700 (E.D.La.1988).

While Gauthier's argument is correct as far as it goes, it fails on two grounds. First, plaintiff's First Supplemental and Amending Complaint alleges that "a specific cause of [plaintiff's accident] was the negligence of Chevron U.S.A. Inc. in its capacity as the time charterer of [the vessel]." This allegation alone entitles Chevron to a defense; if proven, it will entitle Chevron to indemnification as well. Second, it is not clear that the vessel in this case was a mere bystander. The evidence developed to date supports the proposition that the vessel was not a mere

"fortuitous locale" of the injury. At the time of the accident, the vessel apparently was not securely at anchor and merely awaiting the lowering of something onto its deck, as were the vessels in the cases cited by Gauthier. Instead, its captain was actively involved in attempting to maneuver the vessel into position to best work with the crane operator on the platform. This active involvement of the vessel in the unloading operation may distinguish this case from *Lanasse, Gaspard,* and *Smith.* Such a determination, however, will have to await the development of facts at trial.

▪ Because the complaint as amended alleges that Chevron was negligent in its role as time charterer, Gauthier is obligated to defend Chevron in this action. If the facts at trial demonstrate that Chevron was negligent as platform owner in a way that involved the vessel more than as mere situs of the accident, or if they demonstrate that it was negligent in its role as a time charterer, Gauthier will also be obligated to indemnify Chevron. If, however, Chevron's only fault was negligent operation of the crane, and if this negligent crane operation was not related to the fact that the vessel was not properly secured, staffed, or equipped, then Gauthier will not be obligated to indemnify Chevron.

3. *Must the Underwriters indemnify Gauthier for its contractual liability to Chevron?*

▪ The next question, raised in the Underwriters' Motion for Summary Judgment, is whether Gauthier in turn acquired insurance coverage from the Underwriters for the full extent of its contractual liability to Chevron. The Underwriters contend that Gauthier does not enjoy such coverage because the policy specifically excludes coverage for liability "for any loss, damage or expense arising from the cancellation or breach of any charter." SP–23 Form at 3. However, Chevron is not asserting its entitlement to coverage for liability arising out of a cancellation or breach of any charter. To the contrary, Chevron is asserting its entitlement to coverage because Gauthier contracted with it to indemnify it from a broad range of

**380**

vessel-related liability, and because the Underwriters contracted with Gauthier to indemnify it from another broad range of vessel-related liability, including liability arising out of its indemnification contract with Chevron. The policy provides that

> The Assurer hereby undertakes to make good to the Assured ... all such loss and/or damage and/or expense as the Assured shall as owners of the vessel named herein have become liable and shall pay on account of the liabilities, risks, events and/or happenings herein set forth: (1) Liability for loss of life of, or personal injury to, or illness of, any person.... in connection with the handling of cargo.

SP–23 Form at ¶ 1. Gauthier's contractual liability to Chevron is indisputably an expense for which it has become liable as owner of the vessel on account of personal injury to a person. The Court does not agree with the Underwriters' effort to interpret the "breach of contract" exclusion to preclude such coverage, and does not see any other relevant exclusion anywhere in the policy. Accordingly, as a matter of law Gauthier is entitled to contractual indemnity insurance under the policy insofar as it is obligated to indemnify Chevron for liability under its agreement with Chevron.

*Conclusion*

For the foregoing reasons,

IT IS ORDERED that the Underwriters' Motion for Summary Judgment is DENIED and Chevron's Motion for Summary Judgment is GRANTED. It is hereby declared that, under the policy issued by the Underwriters to Gauthier, the Underwriters are obligated to defend, indemnify and provide insurance coverage to Chevron for all claims against it in this litigation.

IT IS FURTHER ORDERED that Chevron's Motion for Summary Judgment against Gauthier is GRANTED IN PART and DENIED IN PART. On the issue of duty to defend, Chevron's Motion for Summary Judgment is GRANTED. It is hereby declared that, under the blanket time charter between Gauthier and Chevron, Gauthier must defend Chevron in this action. However, there is a genuine issue of material fact

that must be resolved before it can be determined whether Gauthier must indemnify Chevron for any damages it must pay. On the issue of indemnification, Chevron's Motion for Summary Judgment is DENIED.