418 So.2d 1050 (1982)
Patricia REEVES, Appellant,
v.
Merlin MILLER and State Farm Mutual Automobile Insurance Company, Appellees.
No. 81-406.
District Court of Appeal of Florida, Fifth District.
July 21, 1982.
Rehearing Denied September 10, 1982.
Charles Tindell of Elliott, Tindell & Strasser, Daytona Beach, for appellant.
Edwin P.B. Sanders of Landis, Graham, French, Husfeld, Sherman & Ford, P.A., DeLand, for appellees.
COWART, Judge.
This case involves the validity of an exclusionary clause contained in an automobile liability insurance policy, which exclusionary clause was not provided for in the state law requiring such liability policy.
On June 23, 1975, appellant was injured in an accident involving appellee Merlin Miller, who was operating his privately owned automobile while acting in the course of his employment as a recruiter for the United States Marine Corps. Therefore, the United States was liable for Miller's actions under the federal tort claims act. See 28 U.S.C.A. § 2679(b) (Supp. 1982). At the time of this accident, Miller was required by the laws of the State of Florida to have a motor vehicle liability policy.[1] Miller's policy with appellee State Farm contained an exclusion from liability coverage for both bodily injuries and property damages as to "any obligation for which the United States may be liable under the federal tort claims act." Appellant sued Miller for negligence and State Farm as Miller's liability carrier. The trial court entered summary judgment for State Farm on the basis of the exclusionary clause. We reverse.
Insurance provided to comply with a statutory requirement must comply with the statute. A policy purporting to provide the required statutory coverage but containing exclusions not contemplated by the statute does not provide the required coverage. Since the unauthorized exclusions are contrary to public policy as established by the statute, they are deemed inapplicable and disregarded and the policy is enforced *1051 as if it were in express compliance with the statutory requirements. See, e.g., Mullis v. State Farm Mut. Auto. Ins. Co., 252 So.2d 229 (Fla. 1971); State Farm Mut. Auto. Ins. Co. v. Chapman, 415 So.2d 47 (Fla. 5th DCA 1982); Andriakos v. Cavanaugh, 350 So.2d 561 (Fla. 2d DCA 1977).
The statutes requiring Miller to have motor vehicle liability coverage did not provide for an exclusion for obligations cognizable under the Federal Tort Claims Act. Therefore, that exclusion is contrary to the legislative public policy requiring such liability insurance and is inoperative and invalid. The trial court erred in relying on the exclusion in granting the appealed summary judgment and that judgment is hereby
REVERSED and the cause remanded for further proceedings.
ORFINGER, C.J., and COBB, J., concur.
NOTES
[1] See ch. 324, Fla. Stat. (1975); § 627.733, Fla. Stat. (1975) (effective January 1, 1972). See also ch. 77-468, § 31, Laws of Florida (amending section 627.733(3)(a), effective September 1, 1977).