Randall DeBORD, Plaintiff,

v.

UNITED STATES of America, Defendant
and Third–Party Plaintiff,

v.

COUNTRY MUTUAL INSURANCE
COMPANY, Third–Party
Defendant.

No. 93–1273.

United States District Court,
C.D. Illinois.

Nov. 9, 1994.

J. Stephen Yoder, James W. Yoder Law Firm, Bloomington, IL, for Randall DeBord.

Gerard A. Brost, U.S. Atty., Peoria, IL, James A. Lewis, U.S. Atty., Springfield, IL, for U.S.

Gary D. Nelson, Heyl Royster Voelker & Allen, Peoria, IL, for Country Mut. Ins. Co.

## ORDER

McDADE, District Judge.

Before the Court is the United States' (Third–Party Plaintiff) Motion for Summary Judgment on its third-party claim. [Doc. # 15]. Country Mutual Insurance Company ("Country Mutual"), the Third–Party Defen-

dant, has filed a response to the United States' motion [Doc. # 22] and a Motion for Summary Judgment against the United States. [Doc. # 21]. For the reasons that follow, the United States' Motion for Summary Judgment is denied, and Country Mutual's Motion for Summary Judgment is granted.

## BACKGROUND

On February 10, 1992, Patricia Dittmer, a postal driver for the United States postal service, was driving her own automobile to deliver mail. As Dittmer was backing her automobile out of a private driveway onto a public road, her automobile collided with the Plaintiff's automobile. Dittmer has an automobile insurance policy issued by Country Mutual.

On July 19, 1993, Plaintiff filed a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), against the United States for injuries and damages arising out of this accident. Plaintiff did not assert any claims against Dittmer.[1] The United States, in response, filed an answer denying Plaintiff's allegations and also filed a third-party complaint against Country Mutual. The United States in its third-party complaint sought a declaration that the United States was an insured under Country Mutual's policy and that Country Mutual is required to indemnify the United States for any amounts that Plaintiff may be awarded against the United States.

## LEGAL STANDARDS

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the require-

---

**1.** If an employee of the United States is covered by the FTCA, the employee is immune from suit under the Federal Driver's Act, 28 U.S.C. § 2679(b)–(e).

ment is that there is no *genuine* issue of *material* fact.

■ As to materiality the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted.

■ As to genuine issue, summary judgment will not lie if the dispute about a material fact is "genuine," that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). As stated in *Anderson,* "at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson,* 477 U.S. at 249, 106 S.Ct. at 2510. When a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, or is no more than a scintilla, a summary judgment may be granted.

## ANALYSIS

In its memorandum supporting its motion for summary judgment, the United States asserts that it is an insured entitled to coverage under Patricia Dittmer's automobile insurance policy.[2] Furthermore, the United States asserts that the relevant exclusionary clause in the policy "is void because it is vague and ambiguous as a matter of law, too comprehensive in scope and violative of public policy." The exclusion at issue provides, "[w]e do not provide coverage under Section 1 for: . . . any obligation for which the United States may be held liable under the Federal Tort Claims Act." Country Mutual contends that this provision is valid and enforceable.

■ "Under Illinois law, '[t]he construction of [an] insurance polic[y] presents [a] question[ ] of law to be decided by the court.'" *Transamerica Ins. Co. v. South,* 975 F.2d 321, 327 (7th Cir.1992) (quoting *Community State Bank v. Hartford Ins. Co.,* 187 Ill.App.3d 110, 134 Ill.Dec. 810, 812, 542 N.E.2d 1317, 1319 (1989)). An exclusionary clause will be applied to exclude coverage under the insurance policy if "its applicability [is] clear and free from doubt." *Id.* If the exclusion is ambiguous, it "should be construed most favorable to the insured." *Id.* An exclusionary clause is ambiguous "if it is subject to more than one reasonable interpretation." *Id.* A court, however, "will not create an ambiguity where none exists; if a provision is clear and unambiguous there is no need for construction and the provisions will be applied as written." *Id.* Furthermore, to "determin[e] whether an ambiguity exists, the provision in question must be read in its factual context, not in isolation." *Id.* The insurer has the burden of showing that a policy does not apply because the claim falls within an exclusion. *Id.* However, an insurer has no duty to defend if "it is *clear* from the face of the underlying complaint[ ] that the allegations fail to state facts which bring the case within, or potentially within, the policy's coverage. . . ." *Travelers Ins. Companies v. Penda Corp.,* 974 F.2d 823, 827 (7th Cir.1992) (quoting *United States Fidelity & Guar. Co. v. Wilkin Insulation Co.,* 144 Ill.2d

2. Both parties appear to agree that the United States is an additional insured under the "omnibus clause" of Dittmer's automobile insurance policy. *See Adams v. United States,* 241 F.Supp. 383, 384 (S.D.Ill.1965). The omnibus clause provides:
 Under this Section of the policy, an insured is:
 1. with respect to an **insured vehicle:**

(a) **you** and any resident of the same household as **you;**
(b) anyone using an **insured vehicle** with *your* permission or the permission of an adult **relative;**
(c) anyone else, but only with respect to liability resulting from acts or omissions of an **insured** as defined in a. or b. above . . .

64, 161 Ill.Dec. 280, 284–85, 578 N.E.2d 926, 930–31 (1991).

█ The United States asserts that the exclusion is ambiguous as applied to an employee or to a third party.[3] The United States claims that if the exclusion is ambiguous in any context, it is, as a result, invalid as to the United States. The United States relies on *Ogima v. Rodriguez*, 799 F.Supp. 626 (M.D.La.1992), to support this proposition. The United States' reliance on this case for such a proposition, however, is without merit. In *Ogima*, the exclusion at issue provided, "WHEN COVERAGE DOES NOT APPLY ... For damages for which the United States might be liable for the insured's use of any vehicle." *Id.* at 629. The court found that this language "does not identify which insureds it intends to exclude, is overly comprehensive and of uncertain import." *Id.* at 630. In *Ogima*, the court never stated that if an exclusion is invalid as to one insured it will be invalid as to all other insureds. The court in *Ogima* actually determined that because the clause failed to specifically identify which insureds were covered, it was, obviously, invalid as to any insured. In this case, however, the Court

finds that the exclusion clearly identifies the United States as an insured subject to this exclusion.[4] Consequently, the United States' contention that *Ogima* is dispositive of this case is without merit.

█ In addition, the Court finds that it may not consider any set of facts to determine whether Country Mutual has a duty to defend but may only consider the facts as stated in Plaintiff's Complaint to make this determination.[5] *Travelers*, 974 F.2d at 827. As a result, the Court may only consider the facts as alleged within the Complaint to determine whether the exclusion is ambiguous. In this case, the Complaint indicates that Plaintiff is only suing the United States for damages under the Federal Tort Claims Act. [Doc. # 1]. Therefore, the United States' contention—i.e., an exclusion is invalid because it is ambiguous in a situation which is not at issue in the case presented, as evidenced by the complaint—is contrary to Illinois law.

█ Under the facts of this case, the Court must confine its decision to whether the exclusion in Dittmer's policy is ambigu-

---

3. If the "insured" challenging this exclusionary clause was the employee of the United States, the Court might find this exclusion ambiguous in that context premised upon, arguably, two reasonable interpretations of the exclusion. One interpretation would provide coverage to the employee and the other interpretation would deny coverage to the employee. The two possible interpretations are as follows: (1) The employee of the United States potentially covered by the FTCA and the Federal Drivers' Act is immune from suit and only the United States is liable because all the necessary elements required to hold the United States liable under the FTCA have been satisfied. Furthermore, if these elements have not been satisfied and the employee is not immune from suit the exclusion does not apply and the insurance policy provides coverage. (2) The employee of the United States potentially covered by the FTCA is not immune from suit because all of the necessary elements required to hold the United States liable have not been satisfied; i.e. a finding that the employee was not acting within the scope of his employment. Under the terms of the policy, because there was the possibility that the "United States may be liable under the FTCA," the employee would not be covered even though he was not immune from suit. Because Illinois law requires that an ambiguous exclusion be read in favor of the insured, the interpretation providing cover-

age would be used. *Transamerica Ins. Co. v. South*, 975 F.2d 321, 327 (7th Cir.1992). On the other hand, neither of these interpretations provide coverage for the United States as the insured. As applied to the United States, there is only one reasonable interpretation of the exclusion. This interpretation is that the United States is not covered by the policy if a claim is brought against it under the FTCA. Therefore, the exclusion is not ambiguous in the context of precluding the United States from coverage.

4. The Iowa Supreme Court, albeit in dicta, in referring to an exclusion which used the same language as the exclusion in this case stated, "[i]t is clear that the purpose of this type of exclusion herein litigated is to prevent the federal government from recovering indemnity against the private insurance carrier after judgment has been entered in a Federal Tort Claims action." *State Farm Auto. Ins. Co. v. Malcolm*, 259 N.W.2d 833, 836 (Ia.1977).

5. The Court notes that Illinois law requires a court to liberally construe a complaint in favor of the insured. *Travelers*, 974 F.2d at 828. However, even a liberal construction of the Complaint in this case does not bring into the case any of the facts upon which the United States is seeking to rely.

ous as applied to the United States. The Court finds that the language of the exclusion is free and clear from doubt in its applicability to the United States. The plain language of this exclusion explicitly provides that the United States will be excluded from coverage under Dittmer's policy if it is sued under the FTCA. Consequently, the Court finds that the only reasonable interpretation of this exclusion, as applied to the United States, is that the United States was intended to be excluded from coverage on any claims brought against the United States under the FTCA.[6] Because the Court finds that the exclusion is clear and unambiguous, there is no need for construction. Therefore, the exclusion will be applied as written to exclude the United States, as an insured, from coverage on a claim brought under the FTCA.

 Next, the United States asserts that the exclusion is invalid because it is overly comprehensive and violates the reasonable expectations of coverage under the policy. The United States relies on *Standard Mutual Ins. Co. v. General Casualty Companies,* 171 Ill.App.3d 758, 121 Ill.Dec. 658, 525 N.E.2d 965 (1988). In *Standard Mutual,* the defendant provided insurance under a car rental agreement. The rental agreement provided "that if a customer does not purchase insurance, he assumes full responsibility for liability and collision damage." *Standard Mutual,* 121 Ill.Dec. at 661, 525 N.E.2d at 968. On the reverse side of this agreement, however, the defendant set forth in small print conditions precedent to coverage.[7] *Id.* These conditions, the court found, effectively "denied coverage in those situations most likely to occur." *Standard Mutual,* 121

Ill.Dec. at 662, 525 N.E.2d at 969. The court held that "because of the contradiction between [the renter's] expectation of coverage and the actual coverage, an ambiguity was created which ... must be construed against the insurer." *Id.* In other words, the exclusion in *Standard Mutual* was so broad that the purposes of the policy and the reasonable expectations of the insured were frustrated.

This case is distinguishable from *Standard Mutual.* The exclusion at issue in this case is not overly comprehensive. Under this exclusion, the United States is only excluded from coverage as an insured in the context of a claim under the FTCA. Therefore, the concerns in *Standard Mutual* are not present in this case. Furthermore, the Court notes that under Illinois law "insurance contracts [are to] be construed and enforced to accord with the objectively reasonable expectations of the *insured." Posing v. Merit Ins. Co.,* 258 Ill.App.3d 827, 196 Ill.Dec. 335, 339, 629 N.E.2d 1179, 1183 (1994). The Court finds that the United States or the employee, as the insureds, could not, on an objective basis, reasonably expect coverage under the policy in the context of a claim brought against the United States under the FTCA.

 In addition, the United States asserts that the exclusion violates public policy because Illinois law requires all drivers to have liability insurance. S.H.A. 625 ILCS 5/7–601. The Court finds this contention to be without merit because any relief a plaintiff is entitled to under the FTCA satisfies the purpose of the Illinois law. *But see Reeves v. Miller,* 418 So.2d 1050 (Fla.App.Ct.1982). Furthermore, if the United States' employee was not negligent, the plaintiff would not be entitled to recover under the FTCA or under

---

**6.** The United States has not suggested any other interpretations of this exclusion in the context of the United States which might indicate that the provision is ambiguous.

**7.** The conditions precedent were set forth as follows:

 1. [R]enter agrees to return said vehicle to ... WELLS RENT A CAR in the same condition in which it was received, ordinary wear and tear excepted.

 * * * * * *

 5. Renter agrees not to use or operate said vehicle, or permit to be used or operated:

 (a) in violation of any of the terms or conditions of this rental contract;

 * * * * * *

 (c) in violation of law or any illegal purpose;

 * * * * * *

 (e) outside of the State in which the vehicle was rented without the written consent of WELLS RENT A CAR representative.

*Standard Mutual,* 121 Ill.Dec. at 661, 525 N.E.2d at 968.

Illinois law.[8] In addition, because the United States is the insured at issue under these facts, the possibility that an employee would be without coverage under this policy, because the FTCA would not apply, does not establish that the exclusion violates public policy.[9]

Finally, the United States asserts that Country Mutual should have used an exclusion which other courts have stated are clear and unambiguous. *See Ogima,* 799 F.Supp. at 630–31; *Southern Farm Bureau Casualty Ins. Co. v. United States,* 395 F.2d 176, 177 n. 2, 180 (8th Cir.1968); *Government Employees Ins. Co. v. United States,* 400 F.2d 172, 175 n. 11 (10th Cir.1968). The Court finds this argument to be irrelevant because the exclusion, in this case, clearly precludes the United States from coverage under the policy. Because the exclusion is effective, Country Mutual has no duty to defend or indemnify the United States on the facts of this case.

IT IS THEREFORE ORDERED that the United States' Motion for Summary Judgment [Doc. # 15] is **DENIED**, and Country Mutual's Motion for Summary Judgment [Doc. # 21] is **GRANTED**. The Court finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay and enters a final judgment on behalf of Third–Party Defendant, Country Mutual. The case is terminated as to the third-party claim. The parties are responsible for their own costs.

8. Section 2674 of the FTCA provides:
 The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.
 28 U.S.C. § 2674. Because the FTCA incorporates the requirements of state law, it necessarily follows that if the employee was not negligent under the FTCA, the employee could not be liable under state law.

9. As the court previously stated in footnote 3, however, the Court questions whether the policy excludes coverage for the employee of the United States under circumstances where the employee is not immune from suit under the FTCA.