Ted COMES, individually and as next
friend of Alex Comes, Plaintiff,

v.

UNITED STATES of America, Defendant
and Third–Party Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE CO., Third–Party
Defendant.

No. 5:95–cv–240–1 (WDO).

United States District Court,
M.D. Georgia,
Macon Division.

March 5, 1996.

Thomas W. Hermen, Macon, GA, for Ted Combs.

Frank L. Butler, III, Macon, GA, for U.S.

Cubbedge Snow, III, Blair K. Cleveland, Macon, GA, for State Farm Mutual Automobile Insurance Company.

## *ORDER*

OWENS, District Judge.

Plaintiff Ted Comes, acting individually and as next friend of his infant son, Alex Comes, filed this action against the United States of America pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq. He seeks damages for injuries sustained by Alex Comes after the child was struck by a vehicle driven by Patsy C. McGowan, an employee of the U.S. Postal Service, while she was delivering mail to plaintiff's address during the course of her employment. The United States filed a third-party complaint against State Farm Mutual Automobile Insurance Company ("State Farm"), seeking indemnity as an additional insured under the terms of State Farm's vehicle insurance policy issued to Ms. McGowan.

The United States has now filed a motion for summary judgment against the third-party defendant, State Farm. State Farm has filed a motion to dismiss the third-party complaint filed by the United States.

After careful consideration of the arguments of counsel, the relevant case law, and the record as a whole, the court issues the following order.

## I. *Background*

On February 11, 1994, mail carrier Patsy McGowan was operating her own personal vehicle while delivering the mail along her route in Macon, Georgia. While delivering the mail to plaintiff's address at 121 Lullworth Cove, her vehicle collided with a tricycle on which three-year-old Alex Comes was riding, resulting in injuries to Alex. In August of 1994 plaintiff Ted Comes filed administrative claims against the United States Postal Service on behalf of himself and Alex. The postal service failed to make a disposition of the claims within six months. Consequently, plaintiff exercised his right pursuant to 28 U.S.C. § 2675(a) to file the present action.

Ms. McGowan carried her own automobile liability insurance issued by State Farm on the car she was driving at the time of the accident. State Farm's policy of insurance defines "Insured" as "the *person, persons,* or organization defined as *insureds* in the specific coverage." Under heading Section I—Liability—Coverage A, the policy provides:

> When we refer to *your car,* a *newly acquired car* or a *temporary substitute car, insured* means:
>
> 1. *you;*
>
> 2. *your spouse;*
>
> 3. the *relatives.* of the first *person* named in the declarations;
>
> 4. any other *person* while using such *car* if its use is within the scope of consent of *you* or *your spouse;* and
>
> 5. any other *person* or organization liable for the use of such a *car* by one of the above *insureds.*

Under the heading "When Coverage A Does Not Apply," the policy provides that there is no coverage:

> 3. FOR ANY DAMAGES:
>
> a. FOR WHICH THE UNITED STATES MIGHT BE LIABLE FOR THE *INSURED'S* USE OF ANY VEHICLE.

State Farm asks for dismissal of the third-party complaint on the ground that paragraph 3.a. excludes the United States as an insured under the policy. The government contends in its motion for summary judgment that paragraph 3.a is ambiguous and therefore insufficient under Georgia law to exclude the United States as an additional insured under the policy.

## II. *Discussion*

### A. *Summary judgment standard*

Federal Rule of Civil Procedure ("FED. R.CIV.P.") 56(c) provides that summary judgment may be entered in favor of the movant where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is (1) no genuine issue as to any material fact and that (2) the moving party is entitled to judgment as a matter of

law." *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986); *Irby v. Bittick*, 44 F.3d 949, 953 (11th Cir.1995).

Any issue of fact must be genuine, and the dispute must be material to the outcome of the litigation. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. The entitlement of the movant to judgment as a matter of law is satisfied where "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Once a party has moved for summary judgment and properly supported its motion, the burden shifts to the nonmovant to create, through the evidentiary forms listed in FED.R.CIV.P. 56(c), genuine issues of material fact necessitating a trial. *Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. at 2553.

### B. Policy language

■ The coverage language under Section I—Liability—Coverage A is an omnibus liability clause which is standard in liability insurance policies. *See Ga. Mut. Ins. Co. v. Rollins, Inc.*, 209 Ga.App. 744, 434 S.E.2d 581, 583 (1993). The definition of an insured to include "any other person or organization liable for the use of such a car by one of the above insureds" is sufficiently broad to include an employer responsible for an employee's negligence in a *respondeat superior* situation. *Zurich Ins. Co. v. New Amsterdam Cas. Co.*, 117 Ga.App. 426, 160 S.E.2d 603 (1968). Omnibus clauses such as the one contained in State Farm's policy have been construed to include the United States in the definition of an "insured" in situations involving its employees' operation of vehicles in the scope of their government employment. *United States v. Myers*, 363 F.2d 615, 617–18 & n. 1 (5th Cir.1966)[1] (citing an "unbroken line of cases" in support of its holding); *Barker v. United States*, 233 F.Supp. 455, 456 (N.D.Ga.1964). Unless additional policy language clearly excluded the United States

from coverage, the omnibus liability clause in the policy issued to Ms. McGowan extended to the United States as an additional insured.

■ The next question is whether the language of paragraph 3.a. is sufficiently unambiguous to exclude the United States from coverage. In Georgia, the courts will construe a contract of insurance most favorably to the insured when there is any ambiguity in the policy. *U.S. Fidelity & Guaranty Co. v. Gillis*, 164 Ga.App. 278, 296 S.E.2d 253, 256 (1982); *Richards v. Hanover Ins. Co.*, 250 Ga. 613, 299 S.E.2d 561, 563 (1983). The policy must be construed so as to provide for coverage unless the lack of coverage clearly appears. *Travelers Indem. Co. v. Whalley Construction Co.*, 160 Ga.App. 438, 287 S.E.2d 226 (1981). Georgia law requires a narrow construction of exclusionary language on the theory that "the insurer, having affirmatively expressed coverage through broad promises, assumes a duty to define any limitations on that coverage in clear and explicit terms." *Gillis*, 296 S.E.2d at 255–56, quoting *Alley v. Great American Ins. Co.*, 160 Ga. App. 597, 287 S.E.2d 613 (1981).

Courts have considered whether exclusionary clauses similar to paragraph 3.a. are sufficiently unambiguous to exclude the United States from coverage as an insured. Directly on point is the case of *Ogima v. Rodriguez*, 799 F.Supp. 626 (M.D.La.1992), which involved the interpretation of the identical policy provisions at issue herein. Plaintiff Louise Ogima originally filed suit in the Louisiana state court against defendant Rodriguez and Rodriguez's insurer, State Farm. Ogima claimed that she sustained injuries resulting from the negligent operation of a vehicle driven by Rodriguez while delivering United States mail. State Farm filed a third-party action against the United States seeking indemnification for any sums it was required to pay in damages, as well as an order requiring the United States to defend Rodriguez. The United States removed the suit to federal court and filed a counterclaim against State Farm. The counterclaim sought a judgment that the United States

---

**1.** In *Bonner v. City of Prichard*, 661 F.2d 1206 (1981), the Eleventh Circuit held that all decisions of the former Fifth Circuit decided prior to October 1, 1981 are binding precedent in this Circuit.

was an insured under State Farm's policy and that State Farm was obligated to defend and indemnify the United States for any damages assessed against it. *Ogima,* 799 F.Supp. at 628. A year after the suit was filed the United States was substituted as a defendant in the original complaint pursuant to the Federal Tort Claims Act, and Rodriguez was dismissed as a defendant.

The *Ogima* court found that paragraph 3.a. of State Farm's policy was ambiguous and thus unenforceable inasmuch as it did not clearly exclude the United States as an insured. In interpreting the policy the court relied on principles of Louisiana law, citing, *inter alia, Pullen v. Employers Liability Assurance Corp.,* 230 La. 867, 89 So.2d 373, 377 (1956) (Louisiana requires an insurer to draft an exclusion in clear and unambiguous terms and coverage should be withdrawn only when the exclusion is established with certainty); and *Benton Casing Service, Inc. v. Avemco Ins. Co.,* 379 So.2d 225 (La.1979) (any doubt or ambiguity in the policy provisions will be resolved against the insurer). The court concluded that "the exclusion in the State Farm policy fails to specifically identify the insureds who are being denied coverage and the circumstances and nature of the liability intended to be excluded. Such vague references as 'any damages for which the United States *might* be liable' is too ambiguous, vague and overly comprehensive." *Id.* at 631.

The *Ogima* court clarified the import of its holding by providing examples of exclusionary language contained in three representative insurance policies of other companies which it deemed sufficiently clear, concise and specific to withstand scrutiny under Louisiana law. *Ogima,* 799 F.Supp. at 630–31. In each of the court's examples the representative policy language specifically excluded as insureds "the United States of America or any of its agencies" as well as any person acting in the scope of his employment with the United States when the employee's use of a vehicle requires the United States to defend him under the Federal Tort Claims Act. *Id.* By contrast, paragraph 3.a. of State Farm's policy did not contain the level of specificity and clarity which would unambiguously exclude the United States as an insured.

Supporting the holding in *Ogima* are *State Farm Automobile Insurance Company v. Malcolm,* 259 N.W.2d 833 (Iowa 1977) and *Reeves v. Miller,* 418 So.2d 1050 (Fla.App. 1982). In *Malcolm,* a lawsuit against a federal employee defendant was dismissed because the plaintiff had failed to follow the proper administrative procedure under 28 U.S.C. § 2679. The federal court judge ruled, however, that the claim against the employee's wife was a separate and distinct action based on Iowa state law. State Farm attempted to deny coverage to the employee's wife under its policy exclusion "this insurance does not apply to any obligation for which the United States may be held liable under the Federal Tort Claims Act." State Farm contended that the exclusion relieved it of any duty to defend under the policy, arguing that at the time the original suit was filed there were four days remaining to perfect an administrative remedy and that the possibility of federal tort claim liability therefore still existed. *Malcolm,* 259 N.W.2d at 834. The Iowa court found the exclusionary language to be ambiguous. The court's construction of the exclusion, however, focused on the applicability of the exclusionary clause to a non-governmental employee/owner of a covered vehicle sued under state law rather than to the United States. Refusing to adopt a blanket exclusion, the court ruled that the language was ambiguous and did not exclude the non-governmental employee. *Id.* at 837.

In *Reeves,* 418 So.2d at 1050, the Florida court ruled invalid State Farm's language purporting to exclude from liability coverage "any obligation for which the United States may be liable under the Federal Tort Claims Act." The court's decision relied on the fact that the exclusionary clause did not comply with the applicable Florida state statute and hence was contrary to the public policy of Florida. *Id.*

The case of *DeBord v. United States,* 870 F.Supp. 250 (C.D.Ill.1994) reached a contrary result in finding unambiguous an exclusion that "[w]e do not provide coverage under Section 1 for: ... any obligation for which the United States may be held liable under

the Federal Tort Claims Act." *DeBord,* 870 F.Supp. at 252. *DeBord* is easily distinguishable from *Ogima* and from the situation presently under consideration since the exclusionary clause analyzed in *DeBord* identified the insureds it intended to exclude and referred specifically to the Federal Tort Claims Act. *Id.* at 253.

Georgia caselaw follows the same guiding principles as the Louisiana cases which were cited by the *Ogima* court in requiring clear exclusionary language and resolving any doubt against the insurer. *See, e.g., U.S. Fidelity & Guaranty Co. v. Gillis; Richards v. Hanover Ins. Co.,* and *Travelers Indem. Co. v. Whalley Construction Co.* The holding of *Ogima* is directly applicable to the present case and is persuasive authority for the interpretation of the policy language at issue herein. The court therefore holds that exclusion 3.a. in the policy State Farm issued to Ms. McGowan is ambiguous and vague and should be construed against the insurer under Georgia law. The court also concludes that the holding of *Ogima,* as well as the holdings of *Malcolm* and *Reeves* which were cited therein, were sufficient to provide State Farm notice that it must use clear and unambiguous language "to specifically identify the insureds who are being denied coverage and the circumstances and nature of the liability intended to be excluded." *Ogima,* 799 F.Supp. at 631. State Farm's failure to amend its policy to include more specific exclusionary language after being put on notice that paragraph 3.a. had been found ambiguous provides an additional ground for holding it responsible for the ambiguous language. *United States v. Myers,* 363 F.2d at 617.

### C. Duty to defend

■ The court also finds that State Farm's refusal to defend the United States under its policy was a breach of its contractual obligations, thus requiring that the United States defend the suit itself. The United States is entitled to the recovery of reasonable litigation expenses and attorney's fees because of State Farm's unwarranted refusal to defend. "We can conceive of no sound reason for denying the United States, since it too was an 'insured' under the policy, [a] right of reimbursement, to which every other 'insured' would be entitled." *United States v. Myers,* 363 F.2d at 620.

### III. Conclusion

For the reasons set forth herein, State Farm's motion to dismiss the third-party complaint is **DENIED,** and the United States' motion for summary judgment against the third-party defendant is **GRANTED.**

**SO ORDERED.**