Gregory LENTZ and Nancy Lentz, Plaintiffs,

v.

UNITED STATES of America, Defendant.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff,

v.

Raymond JOHNSON and Gregory Lentz, Defendants.

Nos. C94–2083, C94–2088.

United States District Court, N.D. Iowa, Eastern Division.

March 22, 1996.

Marion L. Beatty, Miller, Pearson, Gloe, Burns, Beatty, Decorah, IA, for Gregory Lentz, Nancy Lentz.

Lawrence D. Kudej, U.S. Attorney's Office, Northern District of Iowa, Cedar Rapids, IA, for United States.

Lawrence D. Kudej, U.S. Attorney's Office, Northern Division of Iowa, Cedar Rapids, IA, Gene Yagla, Karla Joy Shea, Lindeman Yagla, Waterloo, IA, for State Farm Mutual Automobile Insurance Company.

## ORDER

McMANUS, District Judge.

This matter is before the court on the United States' resisted Motion for Partial Summary Judgment against State Farm Mutual Automobile Insurance Company (State Farm), filed October 31, 1995, on Raymond Johnson's resisted Motion for Summary Judgment against State Farm, filed October 31, 1995, and on State Farm's resisted Motion for Summary Judgment, filed November 30, 1995. United States' motion granted, Raymond Johnson's motion granted, State Farm's motion denied.

On December 1, 1994, State Farm filed a Petition for Declaratory judgment against Raymond Johnson and Gregory Lentz in the Iowa District Court for Winneshiek County. State Farm there asserted that Johnson, a postal employee and State Farm policyholder, while in the course of his employment was involved in an auto accident with Lentz. State Farm sought a declaratory Judgment that the policy excludes coverage under the circumstances of the accident. On December 30, 1994, the United States, appearing on behalf of Johnson, removed the matter to this court, where it became C94–2088. The court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1346 and 1442 (providing for removal of actions against persons acting under officer or agency of United States).

On December 13, 1994, Gregory and Nancy Lentz filed an action against the United States under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., asserting that Johnson, while in the course of his employment, negligently caused an accident with a vehicle being driven by Gregory Lentz. This action was filed as C94–2083. The court has jurisdiction of this matter pursuant to 28 U.S.C. § 1346.

On December 4, 1995, C94–2083 and C94–2088 were consolidated, with pleadings to be housed thereafter in C94–2083.

Beginning with the United States' Motion for Partial Summary Judgment, the United States asserts that following the Lentzs' suit against the United States under the Federal Tort Claims Act, the United States tendered the defense to State Farm. State Farm refused to defend, claiming the United States was excluded from coverage under a policy exclusion which provides:

There is no coverage . . .

3. For any damages:

a. For which the United States might be liable for the insured's use of any vehicle.

The United States asserts that the exclusion is ambiguous (because it fails to specifically set forth which specific insured, and what circumstances of liability it seeks to exclude), that it violates reasonable expectations, and that it is impermissibly comprehensive in scope in violation of public policy.

In Raymond Johnson's Motion for Summary Judgment, he asserts (through the United States) that for the reasons set forth in the United States' Motion for Summary Judgment, judgment as to insurance coverage should be granted in his favor.

In resistance and in its own Motion for Summary Judgment, State Farm urges that while the United States would otherwise be covered under the policy (and that there would be a duty to defend and indemnify), see para. 5. of State Farm's resistance (docket # 19, in C94–2083), the above noted exclusion expressly excludes coverage for any damages for which the United States might be liable resulting from the insured's use of the vehicle.

Fed.R.Civ.P. 56(c) provides that summary judgment shall be entered if the "pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is not a genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In deciding whether to grant a motion for summary judgment, the district court must view the evidence in favor of the party opposing the motion and give him the benefit of all reasonable inferences. *Kegel v. Runnels,*

793 F.2d 924, 926 (8th Cir.1986). However, parties opposing a summary judgment motion may not rest merely upon the allegations in their pleadings. *Buford v. Tremayne,* 747 F.2d 445, 447 (8th Cir.1984). The opposing parties must resist the motion by setting forth specific facts showing that there is a genuine issue of material fact for trial. *Id.,* (citing Fed.R.Civ.P. 56(e) and *Burst v. Adolph Coors Co.,* 650 F.2d 930, 932 (8th Cir.1981)).

*Green v. St. Louis Housing Authority,* 911 F.2d 65, 68 (8th Cir.1990).

■ It is undisputed that on June 4, 1993, while driving his own car in the course of his employment with the United States Postal Service, Johnson was involved in an auto accident near Decorah, Iowa, with Gregory Lentz. As noted, Lentz and his spouse filed suit against the United States alleging Johnson's negligence. At all relevant times, Johnson was insured by a State Farm auto policy. Following the United States' request that it defend and indemnify, State Farm denied coverage based upon the above exclusion. State Farm concedes that absent the above exclusion, the United States is an additional insured covered under the policy's omnibus clause. Accordingly, the sole issue before the court is the applicability of the exclusion.

■ "An insurer, having affirmatively expressed coverage through broad promises, assumes a duty to define any limitations or exclusionary clauses in clear and explicit terms." *Benzer v. Iowa Mut. Tornado Ins. Ass'n,* 216 N.W.2d 385, 388 (Iowa 1974) (citations omitted). Additionally, under the theory of reasonable expectations, an exclusion will not be given effect "if, in light of the underlying circumstances, including negotiations and representations, the . . . exclusion . . . (1) is bizarre or oppressive, (2) eviscerates terms explicitly agreed to, or (3) eliminates the dominant purpose of the transaction." *Carper v. State Farm,* 758 F.2d 337 (8th Cir.1985), *rehearing denied,* citing *Farm Bureau Mutual Insurance Co. v. Sandbulte,* 302 N.W.2d 104, 112 (Iowa 1981), and *C & J Fertilizer, Inc. v. Allied Mutual Insurance Co.,* 227 N.W.2d 169, 176 (Iowa 1975).

Whether viewed in light of the doctrines of unconscionability or reasonable expectations, and for the reasons discussed by Judge Polozola in *Ogima v. Rodriguez,* 799 F.Supp. 626, 631 (M.D.La.1992), as well as Judge Beatty in *Mroz v. United States,* No. 93–411 (S.D.Ill. 1994) (considering identical clause, attached to United States' brief in resistance (docket # 24)), and acknowledging the existence of contrary authority, *see DeBord v. US,* 870 F.Supp. 250 (C.D.Ill.1994), it is the court's view that State Farm's policy language excluding damages "[f]or which the United States *might* be liable . . ." (emphasis added), is too ambiguous, vague and comprehensive to be given effect.

It is therefore

ORDERED

1.  United States' and Raymond Johnson's motions for summary judgment granted, State Farm's motion for summary judgment denied.